# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GRUMPY CAT LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | No. 24-cv-02614<br><br>Judge John F. Kness |

**FINAL JUDGMENT ORDER**

IT IS ORDERED THAT judgment is entered in favor of Plaintiff GRUMPY CAT LIMITED and against all Defendants identified in the attached Schedule A who have not otherwise been dismissed from this action (the "Defaulting Defendants").

Defaulting Defendants have sold products bearing counterfeit versions of the GRUMPY CAT LIMITED trademarks and copyrights (U.S. Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286 and 4,907,213 and Copyright Registration Nos. VA 1-911-607; VA 1-882-406; VA 1-963-544; VA 1-996-074; VA 2-023-702; VA 2-111-353; VA 2-134-675; VA 1-886-880; VA 1-966-135; VA 1-941-449; VA 2-008-316; VA 1-962-679; TX 8-617-793; VA 1-939-990; VA 1-899-887; VA 1-901-628; VA 1-859-983; VA 1-849-042; VA 1-849-044; and VA 1-849-043 (the "GRUMPY CAT Trademarks and Copyrights") to residents of Illinois. Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15

U.S.C. § 1125(a)), copyright infringement (17 U.S.C. § 501), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq*.).

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the GRUMPY CAT Trademarks and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GRUMPY CAT Product or is not authorized by Plaintiff to be sold in connection with the GRUMPY CAT Trademarks and Copyrights;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine GRUMPY CAT Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the GRUMPY CAT Trademarks and Copyrights;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the GRUMPY CAT Trademarks and Copyrights and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the GRUMPY CAT Trademarks and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts that are being used to sell or are the means by which Defaulting Defendants could continue to sell Counterfeit or Infringing Products; and

g. operating and/or hosting websites operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the GRUMPY CAT Trademarks and Copyrights or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine GRUMPY CAT Product or is not authorized by Plaintiff to be sold in connection with the GRUMPY CAT Trademarks and Copyrights.

2. Under 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of GRUMPY CAT Trademarks and Copyrights in connection with products sold through at least the Defendant Internet Stores.

3. Fruugo shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified

in Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

4. All monies currently restrained in Defaulting Defendants' financial accounts held by Fruugo, are hereby released to Plaintiff as partial payment of the above-identified damages, and Fruugo is ordered to release to Plaintiff the amounts from Defaulting Defendants Fruugo accounts within ten (10) business days of receipt of this Order.

5. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Fruugo if any new Fruugo accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Fruugo shall within five (5) business days:

    a    Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Fruugo accounts;

    b    Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c    Release all monies restrained in Defaulting Defendants' Fruugo accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

6. Artistshot shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. All monies currently restrained in Defaulting Defendants' financial accounts held by Artistshot, are hereby released to Plaintiff as partial payment of the above-identified damages, and Artistshot is ordered to release to Plaintiff the amounts from Defaulting Defendants Artistshot accounts within ten (10) business days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Artistshot if any new Artistshot accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Artistshot shall within five (5) business days:

    a    Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Artistshot accounts;

    b    Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c    Release all monies restrained in Defaulting Defendants' Artistshot accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. Wish US Holdings, LLC ("Wish") shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

10. All monies currently restrained in Defaulting Defendants' financial accounts held by Wish, are hereby released to Plaintiff as partial payment of the above-identified

damages, and Wish is ordered to release to Plaintiff the amounts from Defaulting Defendants Wish accounts within ten (10) business days of receipt of this Order.

11. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Wish if any new Wish accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Wish shall within five (5) business days:

    a    Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Wish accounts;

    b    Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c    Release all monies restrained in Defaulting Defendants' Wish accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

12. DHgate shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

13. All monies currently restrained in Defaulting Defendants' financial accounts held by DHgate, are hereby released to Plaintiff as partial payment of the above-identified damages, and DHgate is ordered to release to Plaintiff the amounts from Defaulting Defendants DHgate accounts within ten (10) business days of receipt of this Order.

14. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on DHgate if any new DHgate accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, DHgate shall within five (5) business days:

    a    Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any DHgate accounts;

    b    Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c    Release all monies restrained in Defaulting Defendants' DHgate accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

15. DHpay shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

16. All monies currently restrained in Defaulting Defendants' financial accounts held by DHpay, are hereby released to Plaintiff as partial payment of the above-identified damages, and DHpay is ordered to release to Plaintiff the amounts from Defaulting Defendants DHpay accounts within ten (10) business days of receipt of this Order.

17. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on DHpay if any

new DHpay accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, DHpay shall within five (5) business days:

    a    Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any DHpay accounts;

    b    Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c    Release all monies restrained in Defaulting Defendants' DHpay accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

18.    Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

    a.    Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

    b.    Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c.    Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

19. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 3 to the Declaration of Bryan B. Bundesen and any e-mail addresses provided for Defaulting Defendants by third parties.

20. The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released via certified mail to counsel of record for Plaintiff, Michael A. Hierl of Hughes Socol Piers Resnick & Dym, Ltd. at Three First National Plaza, 70 W. Madison Street, Suite 4000, Chicago, IL 60602.

**This is a final judgment**.

SO ORDERED in No. 24-cv-02614.

Date: September 4, 2024

JOHN F. KNESS
United States District Judge

## **SCHEDULE A**

| No. | Defendant Name / Alias |
|---|---|
| 1 | Chengdukundimankedianzishangwuyouxiangongsi |
| 2 | Guangzhou Haiyangxin Shengwu Keji Youxiangongsi |
| 3 | ShenZhenShiMengJueKeJiYouXianGongSi |
| 4 | 1990Velazquez |
| 5 | agapemolin |
| 6 | agenh |
| 7 | Ailoan |
| 8 | alimerdika |
| 9 | AmyChenevert |
| 10 | anhemmmm |
| 11 | ARTBOY |
| 12 | Ashton90 |
| 13 | awhe |
| 14 | behja |
| 15 | BENNHI |
| 16 | berdikarisan |
| 17 | bexarraeder |
| 18 | bhagiatnan |
| 19 | BOBBYRAYWILSON |
| 20 | boehmws |
| 21 | breezieglenny |
| 22 | BrianHill |
| 23 | Brooke90 |
| 24 | Caophung |
| 25 | caticarlitas |
| 26 | Cody98 |
| 27 | creamywafer |
| 28 | CUSER3519 |
| 29 | Danraven |
| 30 | DEBORAHSILVERTOOLE |
| 31 | dennhe |
| 32 | dennie |
| 33 | divaayunda |
| 34 | dunbirdthrushe |
| 35 | ELIZABETHAWISE |
| 36 | emericans |

| | |
|---|---|
| 37 | Flores90 |
| 38 | FREDLEETEMPLE |
| 39 | gapin |
| 40 | gegeremari |
| 41 | gerdaharber600 |
| 42 | gytaejiqifo67 |
| 43 | haspj |
| 44 | hudaahmad |
| 45 | inschoaywedd8 |
| 46 | Iqtiainkudus2016 |
| 47 | jalisahey |
| 48 | jaroslawmarcinek |
| 49 | JasonArtist |
| 50 | JenniferLeal |
| 51 | jennine |
| 52 | JerrettSteveBuchanan |
| 53 | JesseRuiz |
| 54 | Jesus Medina |
| 55 | JoeHarris |
| 56 | jos.h.grobandot |
| 57 | JOSEPHGEORGEZOOKEY |
| 58 | kacieku |
| 59 | kahrspa |
| 60 | kasraconole |
| 61 | kastynlambiase |
| 62 | kathyabe |
| 63 | kaylasa |
| 64 | kaziahhegedus |
| 65 | KeishaMolden |
| 66 | KennethScottCrawford |
| 67 | KimberlyFiolek |
| 68 | lanzot |
| 69 | lathern |
| 70 | LestariSri |
| 71 | Littl1989 |
| 72 | LYNDASTAUFFERWOODRING |
| 73 | malditkap |
| 74 | MARYDURANTWILLIAMS |

| | | |
|---|---|---|
| 75 | MaryKathleenMoffatt |
| 76 | MICHAELKTERRY |
| 77 | MicheleLynnDonnell |
| 78 | miyucapy |
| 79 | narayatees |
| 80 | natabahari |
| 81 | Nguyen |
| 82 | nhiena |
| 83 | pappsou |
| 84 | PaulWilson |
| 85 | PhillipGallagherTribble |
| 86 | rendratedjo |
| 87 | RickyTidball |
| 88 | RobinNeels |
| 89 | RobMccrary |
| 90 | rujukneh |
| 91 | sakatlar |
| 92 | sandraknop |
| 93 | sbm052017 |
| 94 | scherichus |
| 95 | scoreboarddual |
| 96 | sengul |
| 97 | sennsi |
| 98 | SERGIOALBERTOTRINCADO |
| 99 | SHARIEAGREGORY |
| 100 | stadebar |
| 101 | sutruong |
| 102 | sweemybhodum |
| 103 | TammyPolk |
| 104 | tarryzfg |
| 105 | Teresa90 |
| 106 | ThomasBoard |
| 107 | TinaMarieJensen |
| 108 | toweryen |
| 109 | treyingiscuwo |
| 110 | uncleodon |
| 111 | VALERIECAMELIATAYLOR |
| 112 | Vanity Asevedo |

| 113 | WadeJayAdams |
|-----|---|
| 114 | Willie Hamilton |
| 115 | yudyud |
| 116 | Lianglili1984 |
| 117 | linsuruo9833 |
| 118 | niang juan785 |
| 119 | W_wenlan001 |
| 120 | Haikouqiuyindadianzishangwuyouxiangongsi |
| 121 | Rizhao Guanlin Import & Export |
| 122 | Shenzhen Tuliang Trading |
| 123 | adayskoulosh |
| 124 | AFA DESIGNS |
| 125 | afafeetulv |
| 126 | Ali90 |
| 127 | Almazov ⭐ ⭐ ⭐ ⭐ |
| 128 | Ami Januar |
| 129 | ANTHONYHOMAS |
| 130 | artefact33 |
| 131 | asenj |
| 132 | BadauDesign |
| 133 | bakshfodi |
| 134 | Barfield Pulley |
| 135 | beharst |
| 136 | bgunasejahtera |
| 137 | Black and Pink |
| 138 | booyyungug |
| 139 | BRIANKWAYNE |
| 140 | ChantuWayer |
| 141 | consumebloated |
| 142 | Costom |
| 143 | custom-designs |
| 144 | dannyshop |
| 145 | Delicous |
| 146 | DwayneNeal |
| 147 | eduely |
| 148 | eegarzz |
| 149 | ekingiga |
| 150 | eshopteeshirt |

| | |
|---|---|
| 151 | evelettsuchanek |
| 152 | farukgalama |
| 153 | galicac |
| 154 | iconshop |
| 155 | igun |
| 156 | indriacovii |
| 157 | IrfanChaudhry |
| 158 | ivankamarcop |
| 159 | jagato |
| 160 | jerichofremin |
| 161 | JohnsonMargaret |
| 162 | Julie Kubiszewski |
| 163 | KriKoGo |
| 164 | KristinLin |
| 165 | kuyakinisemua |
| 166 | laliwayah |
| 167 | ledecrg |
| 168 | LORITEPHENS |
| 169 | luantruong |
| 170 | luensdynea |
| 171 | Mcrae Fife |
| 172 | MDK ART |
| 173 | mebusq |
| 174 | mefitberlimc |
| 175 | minaaaa |
| 176 | mohtotusiyof |
| 177 | nagaririnanta |
| 178 | nataliecart |
| 179 | NicolePaige |
| 180 | nissanksreifyz |
| 181 | palcem |
| 182 | papoui |
| 183 | phongtran |
| 184 | Pudge |
| 185 | pueloxnk |
| 186 | Raffiti |
| 187 | robertsfriassyw |
| 188 | rytaspichel2 |

| 189 | saktimandragunata |
|-----|-------------------|
| 190 | Salmanaz |
| 191 | semakins |
| 192 | shirtvers |
| 193 | SKYLA_Design |
| 194 | steffenkeller |
| 195 | StyleSaga |
| 196 | Talans |
| 197 | TawanaTrina |
| 198 | toniisteinmeyer |
| 199 | vazqdiogok |
| 200 | wangsulane |
| 201 | wenne |
| 202 | wisnuta1979 |
| 203 | wuodie |
| 204 | WuzzTees |
| 205 | xzher |
| 206 | ysuryantini21 |
| 207 | zachau |
| 208 | zakysiro |
| 209 | zarajaku |
| 210 | Francisco Dupre |
| 211 | gffnxgndrdr |
| 212 | goodflaghat |
| 213 | hshdhd |
| 214 | IKOHJOLISDH |
| 215 | jkdsjsdifs |
| 216 | l8l8l8lZ |
| 217 | LIULANLAN777 |
| 218 | lixiaoyingg |
| 219 | mahua Store |
| 220 | Marilyn Walker |
| 221 | nijuan0735 |
| 222 | phuchung |
| 223 | pianpiancai |
| 224 | Qinlu~11 |
| 225 | SellEverythings |
| 226 | sourisack chansomphou |

| | |
|---|---|
| 227 | trumangaylord |
| 228 | tur323783 |
| 229 | wangze52930 |
| 230 | fhds Store |
| 231 | guan10 Store |
| 232 | h4mf Store |
| 233 | hxkl Store |
| 234 | hzma Store |
| 235 | k9fu Store |
| 236 | mvdh Store |
| 237 | n3wa Store |
| 238 | rogd Store |
| 239 | s9sa Store |
| 240 | sherry168 Store |
| 241 | summm_wholesale Store |
| 242 | vefp Store |
| 243 | wtvv Store |